# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LINDA KASPERIAN<br><br>  Plaintiff(s),<br><br>  v.<br><br>SEARS, ROEBUCK AND CO., et al.,<br><br>  Defendant. | 1: 09 CV 01802 LJO  DLB<br><br>SCHEDULING ORDER (Fed.R.Civ.P 16)<br><br>Discovery Deadlines:<br>  Non Expert: June 13, 2010<br>  Expert: October 15, 2010<br><br>Non-Dispositive Motion Deadlines:<br>  Filing: November 17, 2010<br>  Hearing: December 17, 2010<br><br>Dispositive Motion Deadlines:<br>  Filing: November 19, 2010<br>  Hearing: December 21, 2010<br><br>Settlement Conference:<br>  September 29, 2011 at 10:00 a.m.<br>  Courtroom 9<br><br>Pre-Trial Conference:<br>  January 26, 2011 at 8:30 a.m.<br>  Courtroom 4<br><br>Trial: March 14, 2011 at 8:30 a.m.<br>  Courtroom 4   JT  10 days |

**1.   Date of Scheduling Conference**

December 21, 2009.

**2.   Appearances of Counsel**

Daniel L. Mitchell appeared on behalf of Plaintiff.

Sotera L. Anderson appeared on behalf of Defendant.

1

**3.     Discovery Plan and Cut-Off Date**

The parties have exchanged the initial disclosures required by Fed .R. Civ. P. 26(a)(1) on or before .

The parties are ordered to complete all discovery pertaining to non-experts on or before June 13, 2010 and all discovery pertaining to experts on or before October 15, 2010.

The Plaintiff is directed to disclose all expert witnesses, in writing, on or before; Defendants shall disclose all expert witnesses on or before August 23, 2010; and the parties shall disclose all supplemental experts on or before September 7, 2010.  The written designation of experts shall **be made pursuant to Fed. R. Civ. P. Rule 26(a)(2), (A) and (B) and shall include all information required thereunder.**  Failure to designate experts in compliance with this order may result in the Court excluding the testimony or other evidence offered through such experts that are not disclosed pursuant to this order.

The provisions of Fed. R. Civ. P. 26(b)(4) and (5) shall apply to all discovery relating to experts and their opinions.  Experts must be fully prepared to be examined on all subjects and opinions included in the designation.  Failure to comply will result in the imposition of sanctions, which may include striking the expert designation and preclusion of expert testimony.

**4.     Pre-Trial Motion Schedule**

All Non-Dispositive Pre-Trial Motions, including any discovery motions, shall be filed no later than November 17, 2010 and heard on or before December 17, 2010.  Non-dispositive motions are heard on Fridays at 9:00 a.m., before the Honorable Dennis L. Beck, United States Magistrate Judge in Courtroom 9.  **Counsel must comply with Local Rule 37-251 with respect to discovery disputes or the motion will be denied without prejudice and dropped from calendar.**

In scheduling such motions, the Magistrate Judge may grant applications for an order shortening time pursuant to Local Rule 6-142(d).  However, if counsel does not obtain an

order shortening time, the notice of motion *must* comply with Local Rule 37-251.

Counsel may appear and argue non-dispositive motions by telephone, providing a written request to so appear is made to the Magistrate Judge's Courtroom Clerk no later than five (5) court days before the noticed hearing date.  In the event that more than one attorney requests to appear by telephone then it shall be the obligation of the moving part(ies) to arrange and originate a conference call to the court.

All Dispositive Pre-Trial Motions shall be filed no later than November 19, 2010 and heard no later than December 21, 2010, in Courtroom 4 before the Honorable Lawrence J. O'Neill, United States District Court Judge.  In scheduling such motions, counsel shall comply with **Local Rules 78-230 and 56-260**.

**Motions for Summary Judgment or Summary Adjudication**

Prior to filing a motion for summary judgment or motion for summary adjudication the parties are ORDERED to meet, in person or by telephone, and confer to discuss the issues to be raised in the motion.

The purpose of the meeting shall be to: 1) avoid filing motions for summary judgment where a question of fact exists; 2) determine whether the respondent agrees that the motion has merit in whole or in part; 3) discuss whether issues can be resolved without the necessity of briefing; 4) narrow the issues for review by the court; 5) explore the possibility of settlement before the parties incur the expense of briefing a summary judgment motion; 6) to arrive at a joint statement of undisputed facts.

The moving party shall initiate the meeting and provide a draft of the joint statement of undisputed facts.  In addition to the requirements of Local Rule 56- 260 the moving party shall file a joint statement of undisputed facts.

In the notice of motion the moving party shall certify that the parties have met and conferred as ordered above or set forth a statement of good cause for the failure to meet and confer.

**5.  Pre-Trial Conference Date**

January 26, 2011 at 8:30 a.m. in Courtroom 4 before Judge O'Neill.

The parties are ordered to file a **Joint Pretrial Statement pursuant to Local Rule 16-281(a)(2).** The parties are further directed to submit a digital copy of their pretrial statement in Word Perfect X3[1] format, directly to Judge O'Neill's chambers by email at LJOOrders@caed.uscourts.gov.

Counsels' attention is directed to **Rules 16-281 and 16-282 of the Local Rules** of Practice for the Eastern District of California, as to the obligations of counsel in preparing for the pre-trial conference.  The Court will insist upon strict compliance with those rules.

**6.  Trial Date**

March 14, 2011 at 8:30 a.m. in Courtroom 4 before the Honorable Lawrence J. O'Neill, United States District Court Judge.

   a. This is a jury trial.
   b. Counsels' Estimate of Trial Time: 10 days.
   c. Counsel's attention is directed to Local Rules of Practice for the Eastern District of California, Rule 16-285.

**7.  Settlement Conference**

A Settlement Conference is scheduled for September 29, 2011 at 10:00 a.m. in Courtroom 9 before the Honorable Dennis L. Beck, U.S. Magistrate Judge.

Unless otherwise permitted in advance by the Court, **the attorneys who will try the case** shall appear at the Settlement Conference **with the parties** and the person or persons having **full authority** to negotiate and settle the case **on any terms**[2] at the conference.

---

[1] If WordPerfect X3 is not available to the parties then the latest version of WordPerfect or any other word processing program in general use for IBM compatible personal computers is acceptable.

[2] Insurance carriers, business organizations, and governmental bodies or agencies whose settlement agreements are subject to approval by legislative bodies, executive committees, boards

CONFIDENTIAL SETTLEMENT CONFERENCE STATEMENT

At least five (5) court days prior to the Settlement Conference the parties shall submit, directly to Judge Beck's chambers by e-mail to DLBOrders@caed.uscourts.gov, a Confidential Settlement Conference Statement.  The statement **should not be filed** with the Clerk of the Court **nor served on any other party,** although the parties may file a Notice of Lodging of Settlement Conference Statement  Each statement shall be clearly marked "confidential" with the date and time of the Settlement Conference indicated prominently thereon.

The Confidential Settlement Conference Statement shall include the following:

A.  A brief statement of the facts of the case.

B.  A brief statement of the claims and defenses, i.e., statutory or other grounds upon which the claims are founded; a forthright evaluation of the parties' likelihood of prevailing on the claims and defenses; and a description of the major issues in dispute.

C.  A summary of the proceedings to date.

D.  An estimate of the cost and time to be expended for further discovery, pretrial and trial.

E.  The relief sought.

F.  The party's position on settlement, including present demands and offers and a history of past settlement discussions, offers and demands.

**8.    Request for Bifurcation, Appointment of Special Master, or other Techniques to Shorten Trial**

Not applicable at this time.

---

of directors or the like shall be represented by a person or persons who occupy high executive positions in the party organization and who will be directly involved in the process of approval of any settlement offers or agreements.  To the extent possible the representative shall have the authority, if he or she deems it appropriate, to settle the action on terms consistent with the opposing party's most recent demand.

5

**9.     Related Matters Pending**

There are no pending related matters.

**10.    Compliance with Federal Procedure**

All counsel are expected to familiarize themselves with the Federal Rules of Civil Procedure and the Local Rules of Practice of the Eastern District of California, and to keep abreast of any amendments thereto. The Court must insist upon compliance with these Rules if it is to efficiently handle its increasing case load and sanctions will be imposed for failure to follow the Rules as provided in both the Federal Rules of Civil Procedure and the Local Rules of Practice for the Eastern District of California.

**11.    Effect of this Order**

The foregoing order represents the best estimate of the court and counsel as to the agenda most suitable to dispose of this case. The trial date reserved is specifically reserved for this case. If the parties determine at any time that the schedule outlined in this order cannot be met, counsel are ordered to notify the court immediately of that fact so that adjustments may be made, either by stipulation or by subsequent status conference.

**Stipulations extending the deadlines contained herein will not be considered unless they are accompanied by affidavits or declarations, and where appropriate attached exhibits, which establish good cause for granting the relief requested.**

Failure to comply with this order may result in the imposition of sanctions.

IT IS SO ORDERED.

**Dated:   December 23, 2009**                           /s/ Dennis L. Beck
                                                 UNITED STATES MAGISTRATE JUDGE